UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

TIMOTHY FOWLER

                              **COMPLAINT**

              Plaintiff,

      -against-

                              <u>Jury Trial Demanded</u>

CITY OF NEW YORK and JOHN and JANE DOE 1
Through 10, individually and in their official capacities
(the names John and Jane Doe being fictitious, as the
true names are presently unknown),

              Defendants.

----------------------------------------------------------------------X

       Plaintiff TIMOTHY FOWLER, by his attorneys, Perry & Aronin, PLLC, complaining of

the defendants, respectfully alleges as follows.

## PRELIMINARY STATEMENT

      1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C.  §§1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the State of New York and the United

States.  Plaintiff also asserts supplemental state law claims.

## JURISDICTION

      2.      The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First,

Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

      4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff TIMOTHY FOWLER is a male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the individually named defendants JOHN and JANE DOE 1 Through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the States or City New York.

11.      Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12.      Each and all of the acts of the defendant alleged herein were done by said

2

defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On or about January 29, 2015 plaintiff TIMOTHY FOWLER was falsely arrested at his home, located at 9522 Brisbin Street, Jamaica, NY 11435.  He was subsequently maliciously prosecuted at Queen Criminal Court, located at 125-01 Queens Blvd, Queens New York 11415.

14.     Plaintiff TIMOTHY FOWLER suffered through approximately two months of incarceration by the Defendant until all charges against plaintiff TIMOTHY FOWLER related to docket no. 2015QN004600  were dismissed on March 27, 2015 after a Grand Jury reviewed the matter, returned a No True Bill and declined to indict plaintiff TIMOTHY FOWLER.

15.     All of the above occurred while NYPD officers and New York City employees witnessed and failed to intervene in the illegal conduct described herein.

16.     As a result of the foregoing, plaintiff TIMOTHY FOWLER sustained, *inter alia,* physical injuries, emotional distresses, embarrassment, and humiliation, and deprivation of his liberty and constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

17.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "16" with the same force and effect as if fully set forth herein.

18.     All of the aforementioned acts of defendants, their agents, servants and employee were carried out under the color of state law.

19.     All of the aforementioned acts deprived plaintiff TIMOTHY FOWLER of the

rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United of America, and in violation of U.S.C. 1983.

20.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

21.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

22.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

23.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24.     Defendants had an affirmative duty to intervene on behalf of plaintiff TIMOTHY FOWLER, whose constitutional rights were being violated in their presence.

25.     The defendants failed to intervene to prevent the unlawful conduct described herein.

26.     As a result of the foregoing, plaintiff TIMOTHY FOWLER'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, and detained and prosecuted without

probable cause.

## AS AND FOR A THIRD CAUSE OF ACTION
### (False Arrest 42 U.S.C. § 1983)

27.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28.     Defendants detained the plaintiff and held him in police custody for an extended period of time culminating in his arraignment.

29.     The false arrest of the plaintiff violated his Fourth and Fourteenth Amendment rights

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

30.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff TIMOTHY FOWLER.

32. Defendants caused plaintiff TIMOTHY FOWLER to be prosecuted without any probable cause until the charges were dismissed on March 27, 2015.

## AS AND FOR AN FIFTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

33.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35.     The aforementioned customs, policies, usages, practices, procedures and rules of

the City of New York Police Department included, but were not limited to, physically abusing citizens and then committing perjury and/or manufacturing evidence in an effort to convict such individuals.   In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff TIMOTHY FOWLER'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

36.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff TIMOTHY FOWLER.

37.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff TIMOTHY FOWLER as alleged herein.

38.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff TIMOTHY FOWLER as alleged herein.

39.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff TIMOTHY FOWLER was unlawfully seized, battered, detained, incarcerated, and subjected to physical abuse.

40.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff TIMOTHY FOWLER'S constitutional rights.

41.     All of the foregoing acts by defendants deprived plaintiff TIMOTHY FOWLER of federally protected rights, including, but not limited to, the right:

      A.     Not to be deprived of liberty without due process of law;

      B.     To be free from seizure and arrest not based upon probable cause;

      C.     To be free from illegal strip searches;

      D.     To be free from false imprisonment/arrest;

      E.     To be free from deliberate indifference to medical needs

      F.     To receive equal protection under law; and

      G.     To be free from the use of excessive force and/or the failure to intervene.

42.     As a result of the foregoing, plaintiff TIMOTHY FOWLER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**<u>State Law Claims</u>**

43.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

45.     The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim

as aforesaid.

46.     The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

47.     Plaintiff has complained with all conditions precedent to maintaining the instant action.

48.     Their action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Assault under the laws of the State of New York)

49.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     As a result of the foregoing, plaintiff TIMOTHY FOWLER was placed in apprehension of imminent harmful and offensive bodily contact.

51.     As a result of defendant's conduct, plaintiff TIMOTHY FOWLER has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

52.     Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

54.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

55.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

56.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff TIMOTHY FOWLER.

57.     As a result of the aforementioned conduct, plaintiff TIMOTHY FOWLER suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR THE EIGHTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

58.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     Defendants detained the plaintiff and held him in police custody for an extended period of time culminating in his arraignment.

60.     As a result of the aforementioned conduct, plaintiff TIMOTHY FOWLER was unlawfully imprisoned in violation of the laws of the State of New York.

### AS AND FOR A NINETH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

61.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff TIMOTHY FOWLER.

63.     Defendants caused plaintiff TIMOTHY FOWLER to be prosecuted without any probable cause until the charges were dismissed on March 27, 2015.

### AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

64.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff TIMOTHY FOWLER.

66.     Defendant City of New York knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

67.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff TIMOTHY FOWLER.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

69.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

70.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION

(*Respondeat Superior* liability under the laws of the State of New York)

71.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.    Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

73.    As a result of the foregoing, plaintiff TIMOTHY FOWLER is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of their action.

**WHEREFORE**, plaintiff TIMOTHY FOWLER demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C ) reasonable attorney's fees and the costs and disbursements of their action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
April 27, 2016

PERRY & ARONIN, PLLC
85 Broad Street, 29th Floor
New York, New York 10004

By:      /s/ William Aronin
         William R. Aronin, Esq.

Attorney For Plaintiff TIMOTHY FOWLER